IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MARI S. TAULTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-13-859-L |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings.

I. Background

Plaintiff filed applications for benefits in July 2011 (Title II) and April 2012 (Title XVI). In her applications, Plaintiff alleged she became disabled on December 22, 2010, and later amended her disability onset date to April 1, 2011. Plaintiff appeared at a hearing

1

conducted on January 22, 2013, before Administrative Law Judge Greenberg ("ALJ"). (TR 50-102). A vocational expert ("VE") also testified at the hearing.

The ALJ issued a decision on March 15, 2013, in which the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2011, and that she had severe impairments due to degenerative joint disease of the right hip, diffuse degenerative joint disease of the cervical and lumbar spines, and depressive disorder not otherwise specified. (TR 34). Despite these impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at the medium exertional level.

Based on this RFC for work, the ALJ found that Plaintiff was capable of performing her previous job as a packer. Consequently, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. Standard of Review

In this case, judicial review of the final Commissioner's decision is limited to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a

2

preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

III. Plaintiff's Request for Remand

In Plaintiff's Reply brief, Plaintiff argues that her subsequent award of disability benefits is new and material evidence that warrants a remand to the Commissioner under sentence four or sentence six of 42 U.S.C. § 405(g). In disability appeals in which the plaintiff, and not the Commissioner, seeks a remand, 42 U.S.C. § 405(g) authorizes two kinds of remands. The fourth sentence of the statute authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." Under the sixth sentence of § 405(g), "the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). The claimant must show "good cause" for failing to present the additional evidence in the prior proceeding. Id. at 100.

Plaintiff has attached to the Reply brief a one-page Explanation of Determination which states the following:

> You said that you were unable to work since December 22, 2010

3

> because of having DDD, twisted spine, pinched nerves, bulging discs, problems with knees, anxiety & depression, problems with legs, pelvis damaged from accident, unable to bend, mobility limited, loss of balance, problems with shoulders, diabetes, high blood pressure, high cholesterol, and trouble sleeping. The evidence in file supports a finding of disability beginning on March 16, 2013, the day after the ALJ determination. We cannot establish disability any earlier than this date.

Reply Brief, att. 1.

Relying on a decision by the Ninth Circuit Court of Appeals in Luna v. Astrue, 623 F.3d 1032 (9th Cir. 2010), Plaintiff asserts that the subsequent disability award cannot easily be reconciled with the Commissioner's decision in the case before the Court because of the proximity of the subsequent award in relation to her earlier claim. The Ninth Circuit's decision in Luna is, of course, not precedential authority in this circuit, and Plaintiff does not point the Court to any Tenth Circuit precedent finding that a subsequent award of benefits is sufficient to warrant a sentence six remand to the Commissioner.

Other circuit courts have held to the contrary. See Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 653 (6th Cir. 2009)("Under sentence six, the mere existence of the subsequent decision in Allen's favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding. A subsequent favorable decision may be *supported by* evidence that is new and material under § 405(g), but the decision is not itself new and material evidence.")(emphasis in original); Jackson v. Astrue, 402 Fed. Appx. 717, 718 (3d Cir. 2010)(unpublished op.)(holding subsequent award of benefits did not require "remand or reversal in the absence of new and material evidence, which claimant here has failed to

4

provide"); Winston ex rel. D.F. v. Astrue, 341 Fed. Appx. 995, 998 (5th Cir. 2009)("Whether a subsequent application is approved is of no moment to the question of whether the prior application was meritorious *at the time of consideration*.")(emphasis in original)  See also Mosley v. Astrue, 2010 WL 3777232 (D.Colo. 2010)(unpublished op.)(finding disability claimant's notice of subsequent award of benefits for disability beginning six months after previous finding of nondisability did not present new evidence that might have changed the outcome of the prior proceeding and was not relevant to the Court's determination).

However, one district court in this circuit has found that where the Commissioner awarded benefits on a subsequent application "with an onset day one day after [the previous] denial, the proximity of the Commissioner's subsequent favorable decision is likely to be of a significant and substantial character in relation to the earlier claim, and thus, material." Greene v. Astrue, 2011 WL 2671313, *4 (D.Kan. 2011).  See also Hayes v. Astrue, 488 F.Supp.2d 560, 565 (W.D.Va. 2007)("[W]here a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence."). But see Estes v. Astrue, 2012 WL 7423372, *2 (D.Utah 2012)("The mere fact that a subsequent evaluation of the evidence originally before the initial ALJ resulted in a contrary determination of Plaintiff's disability status is not 'new evidence' that would permit a remand under sentence six.  Without a showing that the subsequent favorable decision was based on new material evidence, and that Plaintiff had good cause for not incorporating the new evidence into the record before the initial ALJ, the court cannot remand a case under

5

sentence six.").

In this case, the Commissioner found Plaintiff disabled as of the day after the date of the ALJ's decision in the case before this Court. Plaintiff has not presented any supporting evidence indicating that the subsequent award of benefits was based on new evidence that she had good cause for not presenting in the previous administrative proceeding. Nevertheless, the finding of disability beginning only one day after the previous ALJ's decision indicates that the evidence presented by Plaintiff in her subsequent application would relate to the same time period for which benefits were denied in this case. See Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir. 1991)(finding that sixth sentence of § 405(g) implicitly authorizes remand when "the proffered evidence relate[s] to the time period for which the benefits were denied").

In this case, Plaintiff also alleges that the ALJ erred in evaluating the evidence. Because errors in the ALJ's evaluation of the evidence outlined below warrant reversal of the Commissioner's decision and a remand under sentence four of § 405(g) for further administrative proceedings, it is not necessary to determine whether sentence six authorizes a remand as well, although the Commissioner should be instructed to determine the effect of the subsequent favorable decision on Plaintiff's previous claim.

IV. Step Four

The ALJ found that Plaintiff had the RFC to perform the requirements of medium work with certain limitations. The Commissioner's final decision was made at step four of the well-established sequential evaluation procedure for disability claims. At step four, the

ALJ must determine whether the claimant retains the RFC to perform the requirements of all past relevant work. The ALJ must undertake a three-phase analysis at step four. In the first phase, the ALJ must evaluate the claimant's mental and physical RFC. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008)(quotations and citation omitted); Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). RFC represents "the most [that the claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

In the second phase, the ALJ must determine the mental and physical demands of the claimant's past relevant work. Bowman, 511 F.3d at 1272 (quotations and citation omitted); Frantz v. Astrue, 509 F.3d 1299, 1301 (10th Cir. 2007); Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *4. In this phase, the ALJ must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations." SSR 82-62, 1982 WL 31386, at 3; see Frantz, supra. In the third phase, the ALJ must "determine[] whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." Winfrey, 92 F.3d at 1023 (citations omitted).

The ALJ found that Plaintiff had the ability to perform a limited range of medium work. (TR 37). This is a critical finding considering Plaintiff's age. At the time of the ALJ's decision, Plaintiff was 58 years old. Under the regulations, an individual who is between the ages of 55 and 59 is considered to be of "advanced age." 20 C.F.R. §§ 404.1563(e), 416.963(e). At this point, a claimant's "age significantly affects a person's ability to adjust to other work." Id. The ALJ made a finding that Plaintiff could perform "simple, routine

7

tasks," a finding consistent with a limitation to unskilled work. (TR 37). Under the regulations, if Plaintiff was found to have an RFC for light work Plaintiff would be presumptively disabled in light of her age, educational level, and the RFC limitation, as found by the ALJ, to unskilled work. 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 202.06.

Plaintiff correctly asserts that an ALJ "must determine the physical and mental demands of the claimant's past relevant work." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008)(internal quotation marks omitted). In this case, the ALJ did not question the Plaintiff or the VE concerning the demands of Plaintiff's previous jobs. The VE merely responded to a hypothetical inquiry based on the ALJ's RFC finding and stated that an individual with the hypothetically-posed RFC could perform the requirements of Plaintiff's previous job as a "packer." (TR 96).

The ALJ stated in the decision that she had compared Plaintiff's RFC "with the physical and mental demands of this work," but the ALJ made no findings as to those demands. The only evidence in the record of the demands of that job is Plaintiff's own description of the position. She stated that as a "packer" for the Xerox Corporation she "packed film for the copier machines. The machine done [sic] the packing. We put the film on the conveyers. I mostly put the data in the machines rotating every 5 mins. back and forth [while] sitting and standing." (TR 267). Plaintiff stated that in this job she used machines, technical knowledge or skills, and completed reports. (TR 267).

The ALJ made no findings as to the skill or exertional or nonexertional requirements of this previous job, and Plaintiff's statements in the record indicate this job may have

8

involved skilled work. Under these circumstances, the absence of critical findings in the ALJ's decision concerning the mental and physical demands and skill level of Plaintiff's previous work was error. See Winfrey v. Chater, 92 F.3d 1017, 1025 (10th Cir. 1996)(observing that "while the ALJ may rely on information supplied by the VE at step four, the ALJ [herself] must make the required findings on the record, including [her] own evaluation of the claimant's ability to perform . . . past relevant work").

Moreover, the ALJ failed to discuss probative evidence in the record indicating Plaintiff did not have the ability to perform the requirements of medium work and she should not work around machinery. The agency's regulations define medium work as work requiring the ability to lift up to 50 pounds and frequently lift or carry objects weighing up to 25 pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c). The agency's non-examining medical consultant, Dr. Gibson, completed a physical RFC assessment dated November 1, 2011, in which the physician opined that Plaintiff could perform the requirements of light work, i.e., occasionally lifting 20 pounds and frequently lifting 10 pounds, with occasional postural limitations and no climbing of ladders, ropes, or scaffolds. (TR 429-436). The doctor further opined that Plaintiff should avoid concentrated exposure to extreme cold, vibration, and hazards such as machinery, heights, etc. (TR 433). In explanation of this RFC assessment, Dr. Gibson relied, in part, on the results of x-rays of Plaintiff's thoracic, cervical, and lumbar spines and her right hip conducted in December 2010. (TR 431). As Dr. Gibson pointed out in the RFC assessment, those x-rays reveal that Plaintiff has "[s]evere" degenerative joint disease in her right hip and "[d]iffuse" degenerative joint disease and degenerative disc

disease in her thoracic and lumbar spines. (TR 433).

A second medical consultant, Dr. Kindling, opined in a written RFC assessment dated April 16, 2012, that Plaintiff should be limited to the performance of light work with "[l]ifting limits because of L-spine degenerative disease." (TR 116-118). Dr. Kindling also opined that Plaintiff should avoid concentrated exposure to environmental hazards such as machinery. (TR 117).

"It is the ALJ's duty to give consideration to all the medical opinions in the record. [She] must also discuss the weight [she] assigns to such opinions," including the opinions of state agency medical consultants. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1161 (10th Cir. 2012). See Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003)(ALJ is required to consider the opinions of non-treating physicians and to provide specific, legitimate reasons for rejecting such opinions)(citing, e.g., 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-5p, 1996 WL 374183, *1).

The ALJ stated in the decision that she had "considered the opinion (sic)" of the state agency medical consultants according to SSR 96-6p, that the physical RFC found by the ALJ "differs from that of the reviewing physicians," and that the ALJ "has considered the record as a whole, including all medical evidence as well as the testimony presented at the hearing, and the [RFC] found is, thus, based upon evidence that was not available to the State agency medical reviewers." (TR 41).

As previously explained, the finding that Plaintiff had the RFC to perform medium work was critical given her advanced age. Dr. Gibson's and Dr. Kindling's RFC assessments

limited Plaintiff to light work with the additional restriction that she should avoid working around machinery.  Another examiner opined that Plaintiff should avoid "heavy lifting," an opinion that would appear to be consistent with the RFC assessments for light work by Dr. Gibson and Dr. Kindling. (TR 459).  The ALJ recognized but did not specifically reject or evaluate this medical opinion.  (TR 40).  These physicians' assessments would appear to preclude Plaintiff's performance of medium work and preclude her from performing her previous "packer" position as she described it.  The ALJ's conclusory statement in the decision does not reflect a reasoned, specific explanation as to why Dr. Gibson's and Dr. Kindling's RFC assessments were rejected, and this error warrants reversal of the Commissioner's decision.

Moreover, the agency has determined that "because of the lifting required for most medium, heavy, and very heavy jobs, a person must be able to stoop frequently (from one-third to two-thirds of the time); inability to do so would substantially affect the more strenuous portion of the occupational base." SSR 85-15, 1985 WL 56857, *7.  The ruling states that this requirement extends to crouching. Id.  The ALJ found that Plaintiff could only occasionally stoop and should avoid crouching, and these findings preclude Plaintiff's ability to perform medium work as it is defined by the agency.  The ALJ did not address this inconsistency in the RFC finding in the decision, and this error also warrants reversal of the Commissioner's decision.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter

11

REVERSING the decision of the Commissioner to deny Plaintiff's applications for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before  September 15th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); cf. <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   25th   day of   August  , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE